# Exhibit A

**Exhibit A**

Skip To MainContent

Search

Civil Court Case Information - Case History

## Case Information

Case Number: CV2019-005986  
File Date: 4/3/2019  
Case Type: Civil  
Judge: Contes, Connie  
Location: Downtown

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Octavio Llano Zaragoza | Plaintiff | Male | Alejandro Perez |
| Talcott Resolution Life Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/9/2019 | SUM - Summons | 4/11/2019 | |
| 4/9/2019 | AFS - Affidavit Of Service | 4/12/2019 | |

**NOTE:** TALCOTT RESOLUTION LIFE INC

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/3/2019 | COM - Complaint | 4/4/2019 | |
| 4/3/2019 | CCA - Cert Compulsory Arbitration | 4/4/2019 | |
| 4/3/2019 | CSH - Coversheet | 4/4/2019 | |
| 4/3/2019 | NJT - Not Demand For Jury Trials | 4/4/2019 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

SUPERIOR COURT OF ARIZONA
IN AND FOR MARICOPA COUNTY

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #3
NIGHT DEPOSITORY

19 APR -9 AM 11: 51

FILED
BY C. O'NEILL, DEP

In the Matter Of:
OCTAVIO LLANO ZARAGOZA,

Plaintiff,

Vs.

TALCOTT RESOLUTION LIFE, INC; et, al,

Defendant(s).

CV2019-005986

CERTIFICATE OF SERVICE

Louis Haney Jr., declare and state that I am qualified under ARCP 4(4), 4 (c) and 45 (d) to serve process in this case, having been appointed by the Court in Maricopa County Arizona and that on April 3rd, 2019, I received from **Alejandro Perez** attorney for the **Plaintiff** instruments and documents described as:

**SUMMONS; COMPLAINT; and CERTIFICATE OF ARBITRATION**

Pursuant to the above entitled action: I personally served a true copy of these documents upon **Talcott Resolution Life, Inc,** by serving said documents to the Statutory Agent Corporation Service Company at their usual place of business by handing said documents to Krisheena Johnson a person authorized to accept service at the following address 8825 N. 23rd Drive #100, Phoenix, Maricopa County Arizona. On April 8th, 2019 at 9:00 a.m.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Louis Haney Jr., License No. 8395

Attempted 2338 W. Palm Rd, Phoenix, AZ (Moved)
Service Fee: $85.00

Person Filing: The Law Firm of Alejandro Pérez
Address (if not protected): 2323 N. 3rd Street, Suite 201
City, State, Zip Code: Phoenix, Arizona 85004
Telephone: 602.354.2833
Email Address: ap@alejandroperezlaw.com
Lawyer's Bar Number: 030968

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #3
NIGHT DEPOSITORY

19 APR -9 AM 11:50

FILED
BY C. O'NEILL, DEP

Representing ☐ Self, without a Lawyer   or   ☒ Attorney for   ☒ Plaintiff   OR   ☐ Defendant

# SUPERIOR ORIGINAL COURT OF ARIZONA
## IN MARICOPA COUNTY

Octavio Llano Zaragoza

Name of Plaintiff

And

Talcott Resolution Life, Inc., et al.

Name of Defendant

Case No.: CV2019-005986

**SUMMONS**

If you want legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** Talcott Resolution Life, Inc.
Name of Defendant

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   • Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR*

   • Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR*

   • Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR*

   • Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

Case Number: _____

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

JEFF FINE, CLERK

APR 3 2019

SIGNED AND SEALED this date

By _____
       Deputy Clerk

CLERK OF SUPERIOR COURT

_Canicto_
DEPUTY CLERK

CLERK OF THE SUPERIOR COURT
FILED
APR 9 2019  2:00 pm
C. Aniceto, Deputy

**Person Filing:** The Law Firm of Alejandro Pérez
**Address (if not protected):** 2323 N 3rd Street, Suite 201
**City, State, Zip Code:** Phoenix, Arizona 85004
**Telephone:** 602.354.2833
**Email Address:** ap@alejandroperezlaw.com
**Lawyer's Bar Number:** 030968

**Representing** ☒ Self, without a Lawyer  or  ☒ Attorney for  ☒ Plaintiff  OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Octavio Llano Zaragoza,
Name of Plaintiff

Case Number: CV2019-005986

Title: **PLAINTIFF'S DEMAND for JURY TRIAL**

Talcott Resolution Life, Inc.
Name of Defendant

Plaintiff, Octavio Llano Zaragoza (Name of Plaintiff), demands a trial by jury in this case. If this case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal from that compulsory arbitration.

Dated this 2-1-2019
(Date of signature)

(Signature of Plaintiff or Plaintiff's Attorney)

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

Case Number: **CV2019-005986**

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney: Alejandro Pérez

Attorney Bar Number: 030968

[ ]eter Needed? [ ] Yes  [ ] No

[ ]at language(s):

CLERK OF THE SUPERIOR COURT
FILED
APR 3 2019   2:00pm
C. Aniceto, Deputy

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:
Octavio LLano Zaragoza    c/o Law Firm of Alejandro Perez, PLC 2323 N. 3rd Street, Ste. 201 Phoenix, AZ 85004    602.354.2833

ap@alejandroperezlaw.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Talcott Resolution Life, Inc., c/o Corporation Service Company, 2338 W. Palm Road, Suite J Phoenix, AZ 85921

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

[X] Amount Claimed $ Over $300k    [ ] Tier 1    [ ] Tier 2    [X] Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

[ ] 101 Non-Death/Personal Injury*

[ ] 102 Property Damage*
[ ] 103 Wrongful Death*

Case No. _____

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 122 Physician D.O*
- [ ] 123 Hospital*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [x] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
    - [ ] 136 Six to Nineteen Structures*
    - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate

☐ 163 Other*

_____
(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge

☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

Person Filing: The Law Firm of Alejandro Pérez, PLC
Address (if not protected): 2323 N. 3rd Street, Suite 201
City, State, Zip Code: Phoenix, Arizona 85004
Telephone: 602.354.2833
Email Address: ap@alejandroperezlaw.com
Lawyer's Bar Number: 030968
Representing ☐ Self, without a Lawyer  or  ☒ Attorney for  ☒ Petitioner  OR  ☐ Respondent

CLERK OF THE SUPERIOR COURT
FILED
APR 8 2019  2:00pm
C. Anicete, Deputy

FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Ocatvio Llano Zaragoza,

PLAINTIFF,

VS.

Talcott Resulition Life, Inc., et al.

DEFENDANT.

Case Number: CV2019-005986

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs **does / does not** exceed limits set by Local Rule for compulsory arbitration. This case **is / is not** subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this 1st day of Feb, 2019.

BY [signature]

JEFF FINE
Clerk of the Superior Court
By Cristina Aniceto, Deputy
Date 04/03/2019 Time 13:58:01
Description                    Amount
-------- CASE# CV2019-005986 --------
CIVIL NEW COMPLAINT            333.00
-------------------------------------
TOTAL AMOUNT                   333.00
                       Receipt# 27137114

Alejandro Pérez, Esq. (Ariz. State Bar No. 030968)
**The Law Firm of Alejandro Pérez, PLC**
2323 North 3rd Street, Suite 201
Phoenix, Arizona 85015
Phone: 602.354.2833
Fax: 866.256.9260
Email: ap@alejandroperezlaw.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT IN AND FOR

## THE COUNTY OF MARICOPA

| | |
|---|---|
| Octavio Llano Zaragoza, an individual<br>Plaintiff,<br><br>v.<br><br>Talcott Resolution Life, Inc., John and Jane Does I-X; ABC CORPORATIONS I-X; DEF LLCs I-X; and XYZ Partnerships, I-X,<br><br>Defendants. | Case No.<br><br>CV2019-005986<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Octavio Llano Zaragoza ("Plaintiff"), by and through undersigned counsel, for their Complaint against Defendant Talcott Resolution Life, Inc., allege as follows:

PARTIES AND JURISDICTION

1. Plaintiff resides, and is a citizen of, in Mexico.

2. Talcott is a foreign Delaware corporation that does business in Arizona.

3. Defendants John and Jane Does I-X are alleged on information and belief to be persons who are or may be liable for the conduct complained of in the Complaint. The true names of such persons are not known at this time, but at such time as the names of such persons are determined, Plaintiff shall amend this First Amended Complaint to assert the true names of such Defendants. Defendants ABC Corporations I-X; XYZ Partnerships I-X; and DEF L.L.C.s I-X are alleged on information and belief to be various business entities that are, or may be liable for the conduct complained of in this First

1

Amended Complaint. At the time that the true names of such Defendants are learned, Plaintiff shall amend his Complaint to substitute the true names of such persons.

4. To the extent any fictitious Defendants are natural persons, it is alleged on information and belief that the various martial communities are liable for any conduct complained of herein.

5. Defendants conspired together, and otherwise acted in concert, with each other in connection with the acts alleged herein. Consequently, Defendants are jointly and severally liable for the acts of one another that are alleged herein.

## JURISDICTION AND VENUE

6. Defendants have caused acts or events to occur in the State of Arizona out of which this cause of action arises. Accordingly, this Court has jurisdiction.

7. Venue lies proper in Maricopa County because the contract and actions that form the basis of these claims occurred in Maricopa County.

## ALLEGATIONS COMMON TO ALL COUNTS

8. On or about May 2004, Mark Islas, an agent of Hartford Life Insurance Company ("Hartford") (now owned by Talcott), advised and persuaded Mr. Zaragoza to purchase life insurance.

9. Mr. Islas represented that the particular life insurance that Mr. Zaragoza was purchasing would include a death benefit of $1,500,000.00 and would cost $33,945.00 the first seven years and $27,542.00 in the eighth year of the policy, for a total of $265,157.00 in premium payments, after which the policy would be fully paid.

10. Mr. Zaragoza purchased life insurance policy number VL9432147 ("Policy 1") based on Mr. Islas' representations. But for Mr. Islas' specific representations regarding the premium schedule of payments, Plaintiff would not have purchased Policy 1.

11. To date, Mr. Zaragoza has made premium payments amounting to at least $339,446.64 on Policy 1, which is approximately $74,289.64 in excess of what Plaintiff was promised he was going to have to pay to have the policy paid in full.

2

12. On or about March 27, 2006, Mark Islas, as authorized agent of Hartford (now owned by Talcott), advised and persuaded Mr. Zaragoza to purchase an additional life insurance policy. Mr. Islas represented that the additional life insurance that Mr. Zaragoza was purchasing would include a death benefit of $3,000,000.00 and would cost a fixed amount of $42,000.00 in premium payments each year for the remainder of Mr. Zaragoza's life.

13. To date, such cumulative premium payments would amount to approximately $504,000.00. Mr. Zaragoza purchased life insurance policy VL9444402 ("Policy 2") based on Mr. Islas' representations.

14. But for Mr. Islas' specific representations that the cost of Policy 2 would be a fixed amount of $42,000.00 per year for Policy, Mr. Zaragoza would not have purchased Policy 2.

15. To date, Mr. Zaragoza has made payments amounting to at least $661,000.00 on Policy 2, which is approximately $157,000.00 in excess of what Mark Islas represented would be required in order to maintain the policy.

16. Regrettably, on or about 2007-2008, some of the premium payments made by Mr. Zaragoza were embezzled by Mr. Islas.

17. With Mr. Zaragoza's cooperation, an investigation was conducted by Hartford and United States regulatory authorities which uncovered the embezzlement and eventually led to Mark Islas' criminal conviction.

18. To account for the premium payments that Mr. Islas received from Mr. Zaragoza but failed to remit to Hartford (now owned by Talcott), Hartford (now owned by Talcott) agreed to apply $46,944.57 of additional premium to Mr. Zaragoza's policies.

19. Thereafter, Mr. Zaragoza continued to make his regularly scheduled annual payments of $33,945.00 and $42,000.00, respectively, on each of his policies.

20. After many years of paying his premium payments, on or about 2018, Hartford (now owned by Talcott) informed Mr. Zaragoza that his regular payments of $33,945.00 and $42,000.00 would be insufficient to cover the cost of his polices.

21. To Mr. Zaragoza's surprise, Hartford (now owned by Talcott) now claims to require payments of $54,148.20 and $97,815.84, respectively, in order to keep the policies from lapsing.

22. Hartford's (now owned by Talcott) claims with respect to the cost of the policies contradicts the terms which were represented by Mark Islas and agreed to by Mr. Zaragoza.

23. Mr. Zaragoza was promised one thing, but now, after fifteen (15) years of paying his regularly scheduled annual premiums, it turns out, Hartford (now owned by Talcott) sold him quite another.

24. Mr. Zaragoza's own original policy documents contain "no lapse guarantee" clauses which also contradict Hartford's (now owned by Talcott) claims.

25. Specifically, Policy 1 contains a no lapse guarantee as long as payments of $33,945.00 are made annually, effective until 2030. Policy 2 likewise contains a "no lapse guarantee" of $42,000.00 annually, effective until 2021.

26. Hartford's (now owned by Talcott) claims that payments of $54,148.20 and $97,815.84 are required in order to prevent Policy 1 and Policy 2 from lapsing violate the no lapse guarantee clauses.

27. As a direct and proximate result of Hartford's (now owned by Talcott) misrepresentations, Mr. Zaragoza has suffered damages in an amount in excess of the minimum jurisdictional requirement and will continue to suffer damages.

**FIRST CLAIM FOR RELIEF**
**Fraud**

28. Plaintiff re-alleges and incorporate by reference the preceding paragraphs for all purposes the same as if fully set forth herein verbatim.

29. Mr. Islas and Hartford (now owned by Talcott) defrauded Mr. Zaragoza by knowingly misrepresenting the terms of Policy 1 and Policy 2.

4

30. Mr. Islas and Hartford (now owned by Talcott) knew such misrepresentations to be false or made such misrepresentations without any knowledge of their truth and as positive assertions intending Mr. Zaragoza to act upon them.

31. Mr. Zaragoza relied on Mr. Islas' misrepresentations and suffered damages as a result.

32. Plaintiff hereby requests that after a trial by jury, the Court find judgment against the Defendant in an amount sufficient to compensate Plaintiff for his losses, plus interest, costs, and attorney's fees.

33. At all relevant times, Defendants acted with an evil hand guided by an evil mind.

## SECOND CLAIM FOR RELIEF
### Negligent Misrepresentation

34. Plaintiff re-alleges and incorporate by reference the preceding paragraphs for all purposes the same as if fully set forth herein verbatim.

35. Mr. Islas affirmatively represented to Zaragoza, on multiple occasions, that Policy 1 would only require payments of $33,945.00 the first seven years and $27,542 the eight year, for a total of $265,157.00 in premium payments.

36. Moreover, Mr. Islas affirmatively represented to Zaragoza that Policy 2 would require a maximum payment of $42,000 annually.

37. Such representations were false and made without reasonable care or competence.

38. Zaragoza relied on Mr. Islas' misrepresentations to his detriment.

## THIRD CLAIM FOR RELIEF
### Breach of Contract

39. Plaintiff re-alleges and incorporate by reference the preceding paragraphs for all purposes the same as if fully set forth herein verbatim.

40. Mr. Zaragoza's policies contain "no lapse guarantee" clauses, which Defendant has failed comply with.

5

41. Defendant's actions constitute a breach of contract with respect to Policy 1 and Policy 2.

42. Defendant has suffered significant damages as a result of Defendant's breach of contract with respect to Policy 1 and Policy 2.

## FOURTH CLAIM FOR RELIEF
**Breach of Implied Duty of Good Faith and Fair Dealing**

43. Plaintiff re-alleges and incorporate by reference the preceding paragraphs for all purposes the same as if fully set forth herein verbatim.

44. Arizona law implies the duty of good faith and fair dealing into every contract.

45. Defendants were bound by the covenant of good faith and fair dealing implied in their Agreement for Policy 1 and Policy 2 at all relevant times hereto.

46. Defendants breached their duty by failing to provide Plaintiff the benefits of the agreements under Policy 1 and Policy 2.

47. As a result of the breach of implied duty of good faith an fair dealing, Plaintiff has suffered actual damages that would not have occurred but for the breach in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
**Consumer Fraud**

48. Plaintiff re-alleges and incorporate by reference the preceding paragraphs for all purposes the same as if fully set forth herein verbatim.

49. Arizona law prohibits any person or entity from using any deception, misrepresentation or omission of any material fact with the intent that others rely upon the same in connection with the sale or advertisement of any merchandise/

50. In misrepresenting the terms of Mr. Zaragoza's policies, Defendants engaged in unfair or deceptive acts in violation of Ariz. Rev. Stat. § 44-1522(A), by making untrue statements of material fact, which Mr. Zaragoza reasonably relied on to his detriment.

6

51. As a result of their deception, misrepresentation or omissions, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally, as follows:

A. For compensatory, special, general and punitive damages according to proof against all Defendants;

B. For punitive damages against Defendants based on their wanton conduct as alleged herein in an amount to be proven at trial, together with interest at the highest rate permitted by law until paid in full;

C. For mental anguish damages;

D. For pre- and post-judgment interest at the highest rate allowed by law until paid in full;

E. For an award of attorneys' fees and costs incurred herein pursuant to the Contract and A.R.S. §§ 12-341 and -341.01, which in the event of default shall not be less than $5,000, together with interest at the highest rate permitted by law; and

F. For such other and further relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 1st day of April, 2019.

THE LAW FIRM OF ALEJANDRO PÉREZ, PLC

Alejandro Pérez
The Law Firm of Alejandro Pérez, PLC
2323 North 3rd Street, Suite 201
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

7